**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DANNY A. WESTBROOK, #132067** | **PETITIONER** |
| **VS.** | **CIVIL ACTION NO.: 1:12cv219-LG-JMR** |
| **RONALD KING** | **RESPONDENT** |

## REPORT & RECOMMENDATION

This matter is before this Court on Respondent's Motion [9] to Dismiss pursuant to 28 U.S.C. § 2244(d) filed on August 29, 2012. Having considered the Respondent's Motion, Petitioner's Responses, the additional briefing, along with the record and the applicable law, this Court finds that Respondent's Motion should be granted.

## PROCEDURAL HISTORY

Petitioner, Danny Allen Westbrook, was convicted of murder in the Circuit Court of Harrison County, Mississippi on August 8, 2007. [9-1, pp. 1-2.] The conviction was affirmed by the Mississippi Supreme Court on September 29, 2009. *Westbrook v. State*, 29 So.3d 828 (Miss. 2009), *reh'g denied* December 15, 2009, *cert. denied* March 11, 2010, and *cert. denied* October 4, 2010.

On October 14, 2010, Westbrook filed an application for leave to proceed in trial court with a post-conviction motion in the Mississippi Supreme Court. [9-4.] That application was denied on November 23, 2010. [9-5.] A subsequent motion, treated as a motion to reconsider the November 23, 2010, decision, was denied. [9-6.] He filed a second application for leave to proceed in trial court with post-conviction motion in the Mississippi Supreme Court on May 31, 2011. [9-7.] In that petition, Westbrook argued that the motion for leave should not be

considered barred because "biological evidence . . . exists . . . the results were not known at the time of trial." [9-7, p. 4.] Also included in the argument against procedural bar was Westbrook's concerns regarding a toxicology report. [9-7, p. 8.]

The second motion for leave to proceed was determined by the Mississippi Supreme Court not to meet the exception to the procedural bar, and the application was dismissed as successive and frivolous on August 3, 2011. [9-8.] The motion for reconsideration of this order was denied on August 24, 2011. [9-9.] A motion for *writ of certiorari* filed subsequent to this denial was treated as a motion to reconsider and dismissed on September 16, 2011. [9-10.] Another application for leave to proceed in trial court with post-conviction motion in the Mississippi Supreme Court was filed on January 13, 2012. [9-12.] That application was also dismissed as procedurally barred on March 21, 2012, and Westbrook was sanctioned in the amount of one hundred dollars, because the panel found the motion to be frivolous. [9-13.] According to the respondents, these applications made Westbrook's federal *habeas* petition due on April 16, 2012. [9, p. 6.] The instant petition was filed on July 13, 2012[1]. [1.]

## Analysis

A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] A state judgment

---

[1] According to the court docket in this case, the *habeas* petition was received and filed in this case on July 13, 2012. [1.]

[2] The statute provides that the limitations period shall run from the latest of
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
(B) the date on which the impediment to filing an application created by State action in

2

becomes final "upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2); *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011).

Westbrook was convicted on August 8, 2007, and the conviction was affirmed by the Mississippi Supreme Court on September 29, 2009. [9-1, pp. 1-2.] Westbrook asserts that he is entitled to equitable tolling of the statute of limitations because he was diligently pursuing his rights in the state courts. [10, p. 2.] He claims any delay in filing his motions for post-conviction relief were caused by the fact that he had to perform legal research on his claims and because he was trying to obtain the toxicology report and inventory of biological evidence from the state. (*Id.*) He claims that "exculpatory and material evidence was suppressed by the state with the intention of securing a conviction" and that the toxicology report and biological evidence constitute extraordinary circumstances. [12, p. 4.]

A court may toll the limitations period in " rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied* 526 U.S. 1074 (1999). The need for legal research based on *pro se* status is not grounds for equitable tolling. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Westbrook is not entitled to equitable tolling because

---

violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

he makes no showing that he was "actively misled" or that some "extraordinary" circumstances stood in his way and prevented his timely filing of the *habeas* petition. *Mathis v. Thaler*, 616 F.3d 461, 474-5 (5th Cir. 2010), *cert. denied* ___ U.S.___, 131 S.Ct. 1574 (2011).

In order to meet the one year statute of limitations period of 28 U.S.C. § 2244(d), Westbrook was required to file his *habeas* petition on or before April 16, 2012. Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied* 529 U.S. 1057 (2000). Westbrook signed his *habeas* petition on May 4, 2012, making that date the earliest the Petitioner could have filed his petition. [1] Considering an April 12, 2012, deadline under the AEDPA, the petition was filed 22 days past the deadline[3]. Accordingly, it is the recommendation of this Court that the Motion to Dismiss [9] be granted and the Petition [1] denied as time-barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 9, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v.*

---

[3]The petition was actually filed in this case in July 2012.

4

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THIS the 26th day of October, 2012.

                                         s/ John M. Roper, Sr.
                                   CHIEF UNITED STATES MAGISTRATE JUDGE