IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANNY A. WESTBROOK, #132067**                                  **PETITIONER**

v.                                                  **CAUSE NO. 1:12CV219LG-JMR**

**RONALD KING,**
**SUPERINTENDENT**                                                     **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## GRANTING RESPONDENT'S MOTION TO DISMISS

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge John M. Roper entered on October 26, 2012. Magistrate Judge Roper reviewed the Respondent's Motion to Dismiss [9] as well as the Petitioner's response [10] and determined that the Motion should be granted for Petitioner's failure to file his Petition within the one-year statute of limitations provision of the AEDPA, 28 U.S.C. § 2244(d)(1).

Petitioner filed his objections to the Report and Recommendation, which have been examined by this Court. Petitioner argues his "mailbox rule" filing on May 4, 2012, allows him to meet the April 16, 2012, federal habeas filing deadline. The Petitioner also argues that he is entitled to equitable tolling of the filing deadline because he was actively misled by the State and the State suppressed exculpatory and material evidence.

Petitioner was convicted of murder on August 8, 2007. The conviction was affirmed by the Mississippi Supreme Court on September 29, 2009. *Westbrook v. State*, 29 So. 3d 828 (Miss. 2009), *reh'g denied* December 15, 2009, *cert denied*

1

March 11, 2010, and *cert. denied* October 4, 2010. On October 14, 2010, Petitioner filed a post-conviction motion in the Mississippi Supreme Court which was denied. A subsequent motion, treated as a motion to reconsider, was also denied. A second application for leave to proceed in trial court with a post-conviction motion was filed with the Mississippi Supreme Court on May 31, 2011. In the second application, Petitioner argued that the motion for leave should not be considered barred because "biological evidence . . . exists . . . the results were not known at the time of trial." He included an argument concerning the toxicology report. The Mississippi Supreme Court determined the second motion for leave to proceed did not meet any exception to the procedural bar and was dismissed as successive and frivolous. Petitioner's motion for reconsideration was denied. A motion for *writ of certiorari* to reconsider was dismissed on September 16, 2011. A third application for post-conviction leave to proceed was dismissed as procedurally barred on March 21, 2012, and Petitioner was sanctioned one hundred dollars for filing a frivolous motion.

DISCUSSION

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In reviewing the record, the Court calculates that the latest possible date Petitioner could have filed his § 2254 petition was April 16, 2012. Here, Petitioner signed his § 2254 petition on May 4, 2012, and it was filed on July 13,

2012. As such, it is facially untimely. Petitioner argues that it is timely under the "mailbox rule." Under the mailbox rule, a petitioner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998). However, even assuming that Petitioner delivered his § 2254 petition to the prison officials on the date that it was signed it is nonetheless untimely.

Petitioner also alleges that equitable tolling applies and that his § 2254 petition is therefore timely. A court may toll the limitations period only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied* 526 U.S. 1074 (1999). Petitioner argues that his habeas petition is late because the State has been "elusive and evasive by their rulings and non-response to letters." These allegations are not supported by the record. In fact, Petitioner has unsuccessfully argued the same substantive arguments raised here on several occasions in his State court petitions and motions. There is no showing that he was "actively misled" or that some "extraordinary" circumstances stood in his way and prevented him from timely filing his habeas petition. *Mathis v. Thaler*, 616 F.3d 461, 474-5 (5th Cir. 2010), *cert. denied* __ U.S.__ 131 S.Ct. 1574 (2011).

Therefore, having conducted a *de novo* review of this matter, the Court, being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and

Recommendation of United States Magistrate Judge John M. Roper entered in this cause on October 26, 2012 [13] should be, and the same hereby is, **ADOPTED** as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's Petition is **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE